# IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
## IN AND FOR SUSSEX COUNTY

ATTILA WINGS LLC DBA P R WINGS,  )
DBA HOOTERS OF REHOBOTH,  )
PHIL MORAN, CEO OF ATTILA WINGS LLC  )
P R WINGS LLC DBA HOOTERS,  )
PHIL MORAN, ATTILA WINGS LLC,  )
GARY MCCULLY PR WINGS LLC  )
ATTILA WINGS LLC,  )
DAN WOODEN P R WINGS LLC,  )
ATTILA WINGS LLC,  )
                    )
    Appellants  )
    Defendants Below,  )
                    )
    v.  )    C.A. No. CPU6-21-000880
                    )
BRYAN DERRICKSON,  )
                    )
    Appellee  )
    Plaintiff Below.  )

Submitted: May 25, 2022
Decided: August 2, 2022

Bryan Derrickson
18693 Coastal Highway
Rehoboth, DE 19971
*Appellee Pro Se*

Melony R. Anderson, Esquire
Balick & Balick, LLC
711 King Street
Wilmington, DE 19801
*Attorney for Appellants*

## OPINION ON APPELLANT'S MOTION TO DISMISS

This case is before the Court on appeal from a decision of the Justice of the Peace Court pursuant to 10 *Del. C.* § 9571.[1]

## PROCEDURAL HISTORY

On January 14, 2020, Bryan Derrickson (Appellee) filed an action *Pro se* against Attila Wings *et al* (Appellants) in the Justice of the Peace Court for $14,085.06 to cover unpaid utility bills, vendor bills, and property damage. The Justice of the Peace Court scheduled the matter for trial for June 15, 2021. Appellants failed to appear and Appellee asserted he could not subpoena the Appellants necessary to support his claim. On June 29, 2021, Appellee informed the Court of the continued inability to subpoena witnesses and on July 8, 2021, after Appellants submitted a memorandum, the Justice of the Peace Court issued two orders stating Appellants must attend trial and if not the Justice of the Peace Court may issue a default judgment against them.

On September 1, 2021, Appellee and defense counsel appeared for trial, however none of the named Appellants appeared violating the Justice of the Peace Court's order. Appellants, through their legal counsel, filed a Motion to Dismiss pre-trial asserting Appellants were not proper parties to Appellee's action. The Magistrate denied the motion except as to Hooters of America, Inc. and Mark Whittles and continued with the trial. On September 3, 2021, the Justice of the Peace Court held Attila Wings LLC, Gary McCully and Dan Wooden were joint and severally liable for Appellee's claim of $14,085.06. Appellants were ordered to pay the amount plus post-judgment interest at a legal rate of 5.25% annum.

On September 9, 2021, Appellants filed an appeal with this Court. On October 12, 2021, Appellee filed a Complaint on appeal. On October 28, 2021, Appellants filed a Motion to Dismiss. On February 22, 2022, the Court scheduled a motion hearing for April 5, 2022. The Court

---

[1] Del. J.P. Order, C.A. No. JP 17-20-000265.

continued the matter to May 25, 2022 due to the Commissioner having a conflict with one of the parties. On May 25, 2022, the Court heard argument on Appellant's Motion to Dismiss and reserved judgment.

## FACTUAL BACKGROUND

After hearing argument and receiving Appellant's motion[2], the Court finds the relevant facts to be as follows:

Prior to the action filed, Appellee owned and operated an establishment known as the Roadhouse Bar and Grill (Roadhouse). In late December 2017, Appellee sold 90% of his interest in Roadhouse to P.R. Wings, LLC, memorialized in a Membership Interest Agreement between P.R. Wings LLC, Roadhouse and Bryan C. Derrickson dated December 29, 2017.[3] P.R. Wings, a limited liability company, is located in New Jersey and is not a party to this action. Under the agreement, P.R. Wings converted Roadhouse into a Hooters and received approval to become a franchise from Hooters of America.[4] Appellant Phil Moran serves as the CEO of P.R. Wings.[5]

Based on the Membership Interest Agreement, Appellee maintained a 10% interest in the converted business and assigned the lease for the premises (Roadhouse) that was approved by the landlord, Midway Realty Corp (Midway).[6] The Membership Interest Agreement defines "lease" as the Commercial Lease Agreement by and between Roadhouse, as tenant, and Landlord/Midway Realty Corp. Appellee testified he did not have a copy of the sublease and it is not clear who is a party to the sublease. Appellant Attila Wings LLC is a Delaware limited liability company and an

---

[2] Appellant's Motion to Dismiss including Exhibit A, B and Number 1.
[3] Appellant's Exhibit A.
[4] Appellee's Complaint (Appellant's Exhibit B).
[5] Appellant's Exhibit A.
[6] *Id.*

affiliate of P.R. Wings.[7] Appellants assert P.R. Wings and Attila Wings are not the same entity. Though it is not clear through Appellee's Complaint, Appellants Dan Wooden (Wooden) and Gary McCully (McCully) appear to serve as employees of Attila Wings. Appellee fails to establish how either Wooden or McCully owe him these monies apart from them being Appellee's main contact people during the operation of the business. The Membership Interest Agreement states a consulting agreement will be executed between Roadhouse and Attila Wings.[8] In addition, the Membership Interest Agreement provided there would be an Operating Agreement between the P.R. Wings, Roadhouse and Appellee.[9] Specifically, P.R. Wings and Appellee receive their respective percentages of the profits, managers are hired by P.R. Wings, there is a non-compete clause for Appellee and P.R. Wings will pay County Bank under the previous promissory note. Appellee failed to provide either the Operating or the Consulting Agreements. Finally, the Membership Interest Agreement states any suit, action or legal proceeding arising out of or relating to this agreement shall be brought only in the Courts of record of the State of Delaware in New Castle County, Delaware or the United States District Court for the District of Delaware.[10]

Upon execution of the Membership Interest Agreement, Roadhouse converted to a Hooters and operated as a franchisee. In late September 2019, P.R. Wings, as the majority member of Roadhouse, decided to cease business operations.[11] Appellee filed suit after Midway assessed penalties for sewer and Common Area Maintenance.[12] In addition, Appellee paid bills to various vendors.[13] All the bills listed by Appellee in his Complaint are addressed to either Roadhouse or

---

[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] Appellee's Complaint, Appellant's Exhibit B.
[12] *Id.*
[13] *Id.*

Hooters.[14] Appellee asserts all the bills were paid from the local home office of Attila Wings.[15] On September 27, 2019 Appellee received a text from Appellant Moran that yesterday was the last day of operation and shortly thereafter Appellants Wooden and McCulley arrived and instructed a team to remove all equipment, décor, furniture, and computer systems.[16] Appellee asserts the building was damaged during the removal.[17] In September of 2019, the Delaware Alcohol and Tobacco Enforcement Office levied penalties against Roadhouse as they were the only entity on the license.[18] Hooters of America approved the closure of the Rehoboth Beach location.[19]

## PARTIES CONTENTIONS

Appellants assert Appellee fails to state a claim against any of the Appellants for which relief can be granted. In addition, Appellants assert if Appellee seeks to hold Appellants responsible for the actions or inactions of Roadhouse by piercing the corporate veil such action must be brought in the Delaware Court of Chancery. Finally, Appellants assert that any claims made pursuant to the Membership Interest Purchase Agreement between Appellee and P.R. Wings must be brought in a Court in New Castle County Appellee fails to prove any agreement with Attila Wings, Phil Moran, Dan Wooden or Gary McCully.

Appellee asserts this is a landlord/tenant situation. Appellee observed Attila Wings supervising everything. Appellee asserts Wooden oversaw marketing efforts and Appellee received a business card from Wooden with Attila Wings as his employer. Appellee asserts P.R. Wings is a New Jersey company and this is all smoke and mirrors. Appellee seeks only to be

---

[14] Appellant's Exhibit B.
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*

5

compensated for the debt he was left to pay after Hooters pulled out and not any corporate claims of action. Appellee notes the company had not problem doing business in Delaware and coming to Sussex County to operate a restaurant.

## STANDARD OF REVIEW

In considering motions to dismiss filed pursuant to CCP Civil Rule 12(b)(6), the Court must assume that all well-pled facts in the complaint are true.[20] The complaint should not be dismissed unless "the plaintiff would not be entitled to recovery under any reasonably conceivable set of circumstances susceptible to proof.[21] "The Court is required to accept only those "reasonable inferences that logically flow from the face of the complaint, [it] is not required to accept every strained interpretation of the allegations proposed by the plaintiff.""[22]

"An allegation, though vague or lacking in detail, is nevertheless, 'well-pleaded' if it puts the opposing party on notice of the claim being brought against it."[23] While, the Court is required to accept only those 'reasonable inferences that logically flow from the face of the complaint,' [it] 'is not required to accept every strained interpretation of the allegations proposed by plaintiff.[24] Moreover, the Court may dismiss a claim "if allegations in the complaint or in the exhibits incorporated into the complaint effectively negate the claim as a matter of law."[25] Ultimately,

---

[20] *Battista v. Chrysler Corp.*, 454 A.2d 286, 287 (Del. Super. 1982).
[21] *Id.*
[22] *Abdul-Ahad v. Nationwide Mut. Fire Ins. Co.*, 2016 WL 4269512, at * 2 (Del. Com. Pl. Aug.10, 2016)
[23] *Id.*
[24] *Id.*
[25] *Id.*

6

"[d]ismissal is warranted only when 'under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted.'"[26]

## DISCUSSION

Appellee claims this action is a landlord/tenant issue and he seeks recompense for monies he had to pay when P.R. Wings pulled out of the Hooters agreement. Appellee asserts Attila Wings, Moran, Wooden and McCully oversaw the operations and he worked with them exclusively. While it is unclear the basis of Appellee's claim, the Court will conduct a breach of contract analysis.

To prevail on a claim for breach of contract, the plaintiff must prove, beyond a preponderance of the evidence, that: (1) a contract existed between the parties; (2) breach by the defendant of an obligation imposed under the contract; and (3) damages to plaintiff resulting from that breach.[27] As the finder of fact in a bench trial, the Court must weigh the credibility of witnesses and resolve the conflicts of their testimony.[28]

Delaware law has defined a contract "as an agreement upon sufficient consideration to do or not to a particular thing."[29] "Consideration is a bargained-for-exchange of legal value."[30] All contracts and modifications require consideration.[31] In order to create a contract, there must be "mutual assent to the terms of the agreement, also known as the meeting of the minds."[32] "Mutual assent requires an offer and acceptance where in 'all the essential terms of the proposal must have

[26] *Lawyer v. Christiana Care Health System, Inc.*, 2016 WL 2610653, at *3 (Del. Com. Pl. May 6, 2016). (internal citations omitted).
[27] *VLIW Techn., LLC v. Hewlett Packard Co.*, 840 A.2d 606, 612 (Del. 2012); *Interim Healthcare, Inc., v. Spherion Corp.*, 884 A.2d 513, 548 (Del. Super. 2005).
[28] See *Johnson v. State*, 929 A.2d 784 (Del. 2007); *Pencader Associates, LLC v. Synergy Direct Mortgage Inc.*, 2010 WL 2681862, *3 (Del. Super. June 30, 2010).
[29] *Howlett v. Zawora*, 2012 WL 1205103, at *2 (Del. Com. Pl. March 30, 2012).
[30] *Harmon v. State*, 2010 WL 8250826, at *2 (Del. Super. Sept. 27, 2010).
[31] See *Id* at *2.
[32] *Thomas v. Thomas*, 2010 WL 1452872, at *4 (Del. Com. Pl. March 19, 2010).

been reasonably certain and definite.'"[33] If the meeting of the minds does not occur, then the contract is unenforceable under Delaware law."[34]

The Membership Interest Purchase Agreement defines the "lease" as the Commercial Lease Agreement by and between Roadhouse, as tenant, and the Landlord, Midway Realty Corporation. The Agreement also states Roadhouse leases the facility at the premises and will provide P.R. Wings a copy of the lease. Under the Membership Interest Purchase Agreement, Attila Wings is not a leaseholder to the premises. Appellee fails to provide a basis for a claim against Appellants under the Membership Interest Purchase Agreement. Attila Wings is an entity separate and apart from P.R. Wings. One is a Delaware corporation, and one is a New Jersey corporation. If seeking to enforce an agreement under this Purchase Agreement, Appellee must look to the majority owner of Roadhouse, P.R. Wings, who is not a party to this action. The Court finds Appellee must bring any action against Appellant Moran in the Delaware Court of Chancery, the Chief Executive Officer of P.R. Wings, if he wishes to pierce the corporate veil and bring an action against him personally. In addition, any action must be brought in New Castle County based on the terms of the Membership Interest Purchase Agreement.

The parties to the Membership Interest Purchase Agreement executed an Operating Agreement between P.R. Wings and Appellee and a Consulting Agreement that included Attila Wings, who it appears would be acting in the capacity of consultant. Appellee failed to provide either agreement as a basis for a landlord/tenant claim against Attila Wings and/or its officers and employees. The Court finds no evidence Appellants entered a contract with Appellee, much less

---

[33] *Id.*

[34] See *Rodgers v. Erickson Air-Crane Co. LLC*, 2000 WL 1211157, at *6 (Del. Super. Aug. 17, 2000).

8

they breached the contract and now owe Appellee monies to compensate for issues with the premises once the business agreement fell apart.

Appellee claims there is a sublease agreement with Midway, however he admits he does not have a copy of the sublease. The Court finds that it cannot hold Appellants liable for damages and vendor bills based on a contract Appellee cannot provide to substantiate his claim. The Court notes all the bills refer to either Roadhouse or Hooters. The Court finds Appellee's claims credible that Appellants were his primary contact and conducted various duties including payroll and marketing. However, that does not mean Appellants are the proper party to this action, in particular individual officers/employees of Attila Wings.

Unfortunately, Appellee entered into an agreement with a company that encompassed a purchase contract as well as multiple sub-agreements including other corporate entities. Appellee suffered a great deal with the dissolution of this agreement due to a lack of proper legal guidance. However, the Court finds in order to make a claim for monies owed the appropriate entities and individuals must be made a party and Appellee has failed to bring forth the proper corporate entities or individuals.

## CONCLUSION

For the foregoing reasons upon consideration of Appellant's motion to dismiss and the arguments heard at the May 25, 2022 motion hearing, **IT IS HEREBY ORDERED** Appellant's Motion to Dismiss be **GRANTED**. The decision of the Justice of the Peace Court is **REVERSED**. The Court awards Appellants their costs and fees in defending this action.

**IT IS SO ORDERED**, this 2nd day of August 2022.

The Honorable Rae M. Mims
Judge

Cc:    Shelly Swafford, Judicial Case Manager Supervisor